Your Honor, we are here today on two issues remaining on oral argument. One would be whether the lower court improperly dismissed my client's state law, causes of actions, and remedies. I believe that issue is probably decided by this Court's decision in Gilstrap v. United Airlines. I think the remedy in this case would be to remand on those issues alone, and basically it's whether or not the regulations are pervasive enough to displace the state standard of care issues with regard to those state claims. So are you conceding that the Federal claims are pretty much gone, and the state claims that are predicated on the ADA-type remedies? As far as the ADA remedies, I think the Gilstrap decision does say that the ADA does not apply to air carriers. What about UNRU? The UNRU Act, we believe that, and the Disabled Persons Act of California's state remedies, Your Honor, can still use the Federal regulations as a tripwire as far as the standard of care necessary. Exactly. For the state common law remedies. That's correct, Your Honor. And the state statutory remedies as well? That's correct, Your Honor. But not to the extent they're inconsistent with the ADA. That's correct, Your Honor. As long as they're consistent in that the Federal standards are of a higher standard, any state standard of care that would exceed that would probably be conflicted out. I agree. I agree. That's why you recommend that it be remanded so that the trial judge could make those decisions. I believe that that's the case, unless this Court is inclined to do so itself. I think that's fair. Let's hear from opposing counsel, and we'll see where we stand. Did you want to address anything else? I don't want to cut you off. Yes, Your Honor. Okay. I'm still here on the second issue, which is what we believe is the more important one, which is whether or not the ACAA provides an implied private right of action. Basically, we also believe that the as this Court is aware through our briefing is that there have been basically five circuit decisions in this area, two circuit decisions prior to Alexander v. Sandoval. Those were in the Fifth Circuit and the Eighth Circuit, which found that there was an implied private right of action. The operative complaint doesn't have a claim for an implied right of action under the ACAA, does it? It does not presently. We did have an express claim made up through the first amended complaint. When it was amended in the second amended complaint, that was taken out. So at this point, wouldn't it be essentially an advisory opinion for us to discuss this issue? I don't believe that it would be, because we do intend to move for to amend the complaint to re-add that complaint. But couldn't you do that, and then if you need to appeal later, you'll appeal later. I don't see how that's properly before us at this time. So that's the question I was going to raise. Since it's not in the operative complaint, it would appear not to be an issue before the Court. I understand that the Court might be inclined to take that path. I would hope that this Court would otherwise decide otherwise, that we will make that decision. And it's clear that the lower court felt that the — that there was no implied private right of action, and we would prefer this Court to decide that decision. Well, now that it's been remanded, maybe the trial court can take a fresh look at everything to see what remains. I think we would appreciate this Court's guidance to the trial court, but I understand that the operative complaint does not have the ACA provision in it, although it does have it listed as the standard of care necessary under the negligence cause of action. We'll consider your argument. Do you want me to continue with the private right of action discussion? It's up to you. We'll decide if we think it's prudent to direct the district court on remand regarding our thoughts on that, but it really is not properly before us at this point. Right. I understand that that might be the Court's inclination. I'm just trying to, of course, shortcut. I understand your dilemma. You are of the view that you don't have a shot at the district court level because the district court's already ruled on the issue, and you were hoping that maybe we might indicate to the district court one way or the other whether we agreed with that ruling. Right. But procedurally, that's difficult for us to do at this juncture. Understood. And it is understood that the Ninth Circuit has kind of implied in its case law that it potentially would imply a private right of action in prior case law and join the decision that was decided by this Court, and we are hoping that this Court will fall into line implying a private right of action. Basically, the Rehabilitation Act of 1973, we believe that there's actually a private right of action under the FAA and that the other sister circuits that found that there was not a private right of action improperly looked, not improperly, but limited their own subsection of the ACA. Could I take you back to your earlier argument about Bill Straps, just so I understand what you think needs to be remanded? I was under the impression that we could perhaps decide whether the Federal standards of care would apply in any State cause of action, and that the only issue we would need to remand might be whether the State remedies are available. Do you think we need to remand both questions? No, I don't think so, Your Honor. I believe that this Court, I think the issue is properly presented to this Court to say that the ACA standards of care apply or do not apply, and there is an express regulation basically somewhat on point, it is somewhat general as to the disassembly and stowage of wheelchairs and then to return them to the user in the condition in which they were first given to the airline. That regulation is somewhat general in nature. We don't know in this case whether Southwest undertook that responsibility or whether they contracted out with somebody else and whether or not they are covered under the ACA or not. Well, would you want the trial court, though, to have the ability, if we remanded both issues, to make the proper decision based upon argument of the parties? As opposed to having the circuit remand only one issue to the trial court? I think the one issue would probably be the point of the case. They always remand the case for the district court to sort out, but you'd rather for us to sort everything out. I'd love that. In an abundance of caution, I'm guessing. Yes, Your Honor. Also, my clients are kind of the typical eggshell plaintiff clients. They're susceptible to acts of nature or whatever, and basically whether or not they'll see the fruition of their efforts to get the implied private right of action to be determined here in the Ninth Circuit prior to anything happening to them, it's a matter of time. All right. We'll do our best to sort it out. Did you want to save the remainder of your time for rebuttal? Yes, I would, Your Honor. All right. Thank you, counsel. We'll hear from opposing counsel. Good morning, Your Honors. Rebecca Martorano for Apelli Southwest Airlines. And it is we respectfully ask the Court to uphold the trial court's decision granting dismissal of the Second Amendment complaint in its entirety. We recognize, obviously, that since that ruling, the Court did issue its opinion in Gillstrap. It is our position that that does not change the outcome of the ruling of the trial court. I thought you conceded that at least the negligence claim needed to be remanded. Well, we did say that in our brief. I think looking more closely at the negligence claim, even that is a claim of negligent discrimination. Gillstrap focuses on the issue of whether a personal injury action under state law, under state common law, is preempted by the ACAA and finds that if there's extensive regulation on that topic, the regulations would provide the standard of care. But other elements of the negligence action, such as causation and damages, could be provided by tort law. However, in this case, we're not dealing with a personal injury tort action. What about the allegations that because of the failure to properly store, transport, or maintain the wheelchair, there was an injury suffered? What about that allegation? According to the complaint, the injury we contend is not causally related to any activity relating to any allegedly discriminatory activity. The fall occurred at the site. But doesn't he allege that using this wheelchair that had been damaged by the airline, he was injured as a result because he could not get a replacement? He makes that allegation, but concedes that the injury didn't happen until three days after he returned from the flight. So that's a causation. That's a proximate causation issue, not an issue of whether or not the claim is barred as a matter of law. Well, we think causation is too remote to tie that injury to the allegedly discriminatory conduct. And also, just in looking at his cause of action for negligence, it basically is negligent discrimination. It's not, though. It says that they breached their duties to – they owed him a duty to keep plaintiff reasonably safe from known dangers and risks, and that they breached that duty. And as a result, he was emotionally, bodily, and personally injured. How is that not a claim for injury based on negligence? I think you should move on from this. Okay. So I think, assuming that the court agrees that a plaintiff – an appellant may attempt to state a claim for negligence and remand that issue to the trial court for further consideration, however, it is our position then that the California Disability Claims under the UNRU Act and the Disabled Persons Act are preempted. Gillstrap, again, focused on a personal injury claim, and could state common law claims for personal injury exist on the one hand in spite of federal regulation on the other hand, and found that those could coexist. It's an entirely different matter and would go well beyond the decision in Gillstrap to find that you could have the ACAA, which is an anti-discrimination law, and at the same time have state disability discrimination laws, which have different requirements, different remedies, different enforcement – But if the federal standards of care preempt the state standards of care, then there isn't an inconsistency as to the standards of care, and why doesn't Gillstrap just tell us that we need to look at whether the state law remedies can still apply? Well, I don't believe that Gillstrap suggests that you could have kind of a hybrid statutory cause of action where you would take the standard of care from one statute and then take remedies from the enforcement mechanism from another statute. Does Gillstrap say anything that suggests that statutory claims under state law would be any different from common law claims? Why should it be different? Well, I think what Gillstrap does do is it consistently and only refers to state tort law actions. There's no mention of state statutory actions. So, right, but that's just – that's what was at issue in Gillstrap, so it's referring to the tort law, but is there any reason why the way in which the State chooses to create the cause of action should matter? Why – if preemption is about congressional intent, why would Congress care about whether the State put this cause of action in a statute or in common law? Isn't that something that we would want the trial judge to determine, the scope and what's included based on Gillstrap? Well, I think that this Court, based on its ruling in Gillstrap, can make a determine as to whether it wishes to expand the holding of Gillstrap, and our contention is that it should not be expanded, that it focuses on State common law claims. And that's also consistently not only in the Gillstrap claim, but also the cases that Gillstrap relies on. It's always personal injury actions. But can you cite any case that says that a statute that deals with personal injury should be treated differently from a common law claim about personal injury? Well, I'm not sure that I would characterize the Unruh Act as a statute that deals with personal injury. You may not, but, I mean, just as a theoretical matter, why should the statute versus common law distinction matter? Do we have any authority that says that matters for preemption? I do not have any authority on that specific issue, but I would say that the Unruh Act and the Disabled Persons Act are not personal injury laws. They are discrimination laws. But you're looking at the remedies. Yes, I am looking at the remedies. Yes, that's right. And in my view, those conflict with the remedies provided by the ACAA. The ACAA has, as pointed out in Gillstrap, an extensive system for remedies and enforcement mechanisms and penalties, et cetera. And so to then somehow merge that with some of the State disability laws that have their own enforcement mechanisms and remedies, we think is in conflict. And so that should be the case. So your argument is to the extent that relief would be sought for the disability discrimination under State law, that's preemptive. That's exactly right. That that's what the ACAA provides, the mechanism and enforcement mechanisms for the disability discrimination aspect. And to that extent, any State law disability discrimination statutes are preempted completely. And so it is our position that it's Even as to the remedies. Even as to the remedies. And so that if anything is remanded to the trial court Can you just point to the specific problem that you see in the remedies, what the conflict is that Congress would have been concerned about? Well, if just looking at the statutory sections itself that provide those remedies, first of all, they assume a violation of that statute. So they say if this, if there are, for each violation So let's assume we're going to displace the standards of care with the federal one. So let's assume that. So we're just talking about the remedies. Where's the conflict in the remedies? Well, for example, the statute is framed as a way of for each violation of this statute there is a penalty. How can you award that penalty without determining if there was a violation of that State statute? But we've already said that the standard is going to be taken from the ACCA. Right. And so what you would be having to do then is say, well, there's, okay, for a violation of the ACA, not the Unruh Act, we are now going to award the penalty that was meant for a violation of the Unruh Act. So that's a question of State law, though, right? The State could decide whether it wants to provide that remedy or not. I mean, if it becomes a different enough claim, then the State law could say this isn't a claim anymore. Is that a preemption issue? Or are we talking about what California law would provide? No, I think it is a preemption issue. I think, I think in the ACAA, you have a complete law that includes the standard, the remedies, the enforcement mechanisms, and to try to kind of create some kind of a hybrid where you're mixing it now with the enforcement and the remedies of the Unruh Act or the Disabled Persons Act, I think that creates confusion. And that's, that is what preemption is, seeks to avoid, to have some clarity. Preemption comes in when we use the Federal standard to determine whether or not there is a viable cause of action. Right. Well, so there's no question that the Federal regulation preempts, is preemptive as far as the standard of care. And it is our position that if you're going to use the ACAA to provide the standard, then you should also be using the enforcement mechanisms and the penalties, et cetera, and remedies provided by the ACAA as opposed to then turning to the State disability laws. But wouldn't that be inconsistent with our approach in GILSTRAP to do that? I don't think it's inconsistent at all. I think the whole point of GILSTRAP is that you can have a Federal regulatory scheme on the one hand, and then on the other hand have tort, State common law tort actions, and GILSTRAP specifically refers to negligence and tort claims of action. That's also what's contemplated in cases like Charis v. Trans World Airlines, where they talk about run-of-the-mill personal injury actions. I mean, that's what's being contemplated that could exist separate from preemption. All right. Thank you, counsel. You've exceeded your time. Rebuttal. Your Honor, I think your question is correctly focused on the, with regard to the State negligence cause of action, that there is an approximate cause issue with regard to the assembly of the wheelchair. The seat belt was left off, and Mr. Siegelman tried to do that. I think we don't need to hear more about the negligence action. And then, with regard to the under and DPA causes of action, we believe that the remedies are still applicable. Basically, those also allow for actual damages, both special and general damages. So we believe that potentially the Federal standard of care would provide the standard of care for those statutes and allow my client to recover for his damages under those statutes, as well as general negligence. What is your response to opposing counsel's position that the remedies should also be preempted by the ACAA and whatever remedies are available under the ACAA should be the remedies that are available under the State statutes? What's your response? I don't believe that those are applicable to his physical injuries and or I don't believe that they're the sole exclusive remedy for his claims for damages under discrimination statutes pursuant to California. I believe that the State standard of care would provide, I mean, I'm sorry, the Federal standard of care would provide a guidance in those applications of those State statutes such that while he wouldn't be able to get injunctive relief to potentially resolve the issue with the airlines being prohibited in the future from violating those standards of care, he would at least recover his compensatory damages. All right. Thank you. Could I ask one more question? Of course. I noticed in your briefs that you noted that you have Mr. Theodore Arthur Pinnock who has helped with the briefs. Is it true that he is disbarred in California? He is currently disbarred, Your Honor. And did you provide the notice required to the clients that you would have a disbarred attorney working on the case? Yes, I did. Okay. Thank you. All right. Thank you. Thank you to both counsel. Thank you. The case is argued, excuse me, is submitted for decision by the Court. Thank you, Your Honor.
judges: Marshall, Rawlinson, Friedland